Case No: _____ Inmate Name: DAVID DALRYMPLE

Date: JAN/10, 2017 Inmate IDOC#: 74871

Document Title: PRISONER CIVIL COMPLAINT

Total Pages: 7  Inmate Initials Verifying Page Count: DD

Document(s) ____ of ____

David Dalrymple # 74871
ISCI P.O. Box 14
Boise, Idaho 83707

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID DALRYMPLE<br>  Plaintiff<br><br>vs.<br><br>KEITH YORDY, Warden,<br>LEROY PENEKU, Asst. Warden,<br>LT. GREENLAND C/O ISCI<br>  Defendants | Case No. 1:17-cv-00014-REB<br><br>PRISONERS CIVIL COMPLAINT<br><u>Request for Jury Trial</u> |

1.                    INTRODUCTION

   This is a civil action that seeks money damages, declaratory and injunctive relief under 42 U.S.C. 1983 for violation of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The above named defendants have acted with deliberate indifference to deprive plaintiff of access to courts through censorship by confiscating publications. The confiscations were based on defendants action that did not advance a legitimate correctional goal, thus denying equal treatment and was retaliatory in nature.

2.                    JURISDICTION

   The U.S. District Court for the District of Idaho has jurisdiction over my claims. Plaintiff requests for this federal court to exercise supplemental jurisdiction over state law claims should they exist.

PRISONERS CIVIL RIGHTS COMPLAINT                              Pg. 1

## PARTIES

3. PLAINTIFF David Dalrymple is an adult individual incarcerated at the Idaho State Correctional Institution, located at P.O. Box 14 Boise, Idaho 83707. Plaintiff Dalrymple sues for money damages, injunctive and declaratory relief on behalf of himself for defendants deliberate indiffernce in confiscating plaintiff's access to courts materials based on their discriminatory and unconstitutional policies and practice.

4. DEFENDANT Keith Yordy is the Warden of the Idaho State Correctional Institution and is being sued in his official and personal capacity. He is named as a primary defendant in this action. Defendant Yordy is charges with the custody and care of state prisoners. Defendant Yordy is aware of the facts alleged in this civil action and has acted, and continues to act under color of law, custom and policy with respect to his failure and refusal to provide constitutionally adequate access to courts by condoning and allowing staff at ISCI to confiscate plaintiff's access to court's publications. For the purpose of this action Defendant Yordy's address is IDOC 1299 North Orchard St. Boise, Idaho 83706.

5. DEFENDANT Leroy Peneku is the Deputy Warden at the Idaho State Correctional Institution is being sued in his official and personal capacity. He is named as a primary defendant in this action. Defendant Peneku is aware of the facts as alleged in this civil action and has acted, and continues to act under color of law, custom and policy with his failure to provide constitutionally protected access to courts by allowing and condoning the confiscation of plaintiff's access to courts publications. For the purpose of this action Defendant Peneku's address is IDOC 1299 North Orchard St. Boise, Idaho 83706.

6. DEFENDANT Lt. Greenland is a correctional officer employed by the Idaho Department of Corrections, currently working at the Idaho State Correctional Institution. He is being sued in his official and personal capacity. He is named as a primary defendant in this action. Defendant Greenland is aware of the facts as alleged in this civil complaint and has acted, and continues to act under color of law, custom and policy with his failure and refusal to provide constitutionally protected access to courts by depriving plaintiff of publications through confiscation. For the purpose of this action, Defendant Greenland's address is IDOC 1299 North Orchard, Boise Idaho 83706.

7.                    CONSTITUTIONAL VIOLATIONS

This is a case where plaintiff contends that his First, Fourth, Fifth and Fourteenth Amendments as found under the United States Constitution have been violated by the defendants denying him access to courts, his freedom of speech and retaliation for exercising his rights under the First Amendment. Further against unreasonable search and seizures for the censorship and confication of plaintiff's publication as defined as legal access materials and for treating plaintiff differently than others based on his criminal offense, thus violating plaintiff's right to equal protection under the law.


8.                    NATURE OF CASE......CAUSE OF ACTION

In 2012 plaintiff was an Idaho Inmate who was selected and moved to be housed at an out of state facility in the State of Colorado. During this time plaintiff was working on his criminal case and ordered several books on Hypnotism, subject related to his criminal case. The facility allowed plaintiff possession of the publications, but later the publications became a source of contraversy with staff due to plaintiff's status as a sex offender. The publications were eventually confiscated. On or Around January of 2016, plaintiff was returned back to Idaho and the Department of Corrections, of which his property, as well as the confiscated publications were return to the property officers at the IDOC. Transporting staff from the Colorado Facility informed IDOC property officer that plaintiff was not to have the publications based on his criminal offense and status as a sex offender. At this time plaintiff requested for the IDOC to return his books to him, but he was denied by Defendant's Greenland and Peneku. Plaintiff brought challenge to the confiscation of his property by utilizing the IDOC grievance process (see Attached Exhibit A) where Defendant Yordy was the level three responder and ultimate authority who denied his grievance. Due to plaintiifs need to add excerpts from the confiscated publications as exhibits in his petition for post conviction, he reordered another set of the exact same publications and the IDOC allowed them into the facility for him to possess. Here the IDOC set a double standard by censoring one set of publications, but yet allowing the same publications for the plaintiff to possess. These publications were then forwarded to the court as was their original intent. The fact that plaintiff had to purchase another set of publications

PRISONERS CIVIL RIGHTS COMPLAINT              Pg. 3

and the time factor involved in receiving the re-ordered publications and then for the plaintiff to timely get them in front of the court for review became the catalyst for plaintiff's post conviction to be dismissed on procedural grounds.

This is a case where plaintiff had a constitutionally protected right to the publications and Defendant's Yordy, Greenland and Peneku, who were all activley involved in the denial of his property, had no legitimate penelogical reason to deny the publications in question. Plaintiff has been singled out and denied equal treatment based on his status of a sex offender, not that the publications present a security issue as the defendants contend.

9.              PENDING OF PREVIOUS LAWSUITS

Plaintiff has currently pending in the U.S. District Court of Colorado a Prisoners Civil Rights Complaint, Case No. 1:16-cv-00875-MSK-KMT. This case involves the same or similar subject matter as now being presented to this court.

10.             REQUEST FOR APPOINTMENT OF COUNSEL

I am requesting for counsel to be appointed to represent me in this matter. I am untrained in law and have no legal skills which will enable me to effectively abide by the forthcoming orders from this court or the Federal Rules of Civil procedure.

11.             PRAYER FOR RELIEF

Plaintiff has brought forth issues that if found true warrant him relief by this court, he therefore requests:

(a) That for the named plaintiff, A Declaratory Judgment be imposed against the Defendants for their policy and practice that have violated plaintiff's rights.

(b) THat for the plaintiff, Injunctive Relief ordering defendants to return and/or compensate plaintiff for his publications.

(c) That for the plaintiff, that monetary damages be awarded for defendants actions to be submitted at a later date.

(d) Award plaintiff all costs associated with the filing and litigation of this civil action.

(e) Grant such other and further relief as the court may consider just and proper.

## DECLARATION UNDER PENALTY OF PERJURY

I David Dalrymple declare under penalty of perjury that I am the plaintiff in the above action and that all information contained in this complaint is true and correct to the best of my knowledge.

Dated this 10th day of January, 2017.

_____
David Dalrymple
Plaintiff

## CERTIFICATE OF ELECTRONIC FILING

I HEREBY CERTIFY that on the 10th day of January, 2017. I gave the enclosed document to ISCI Paralegal for electronic filing and sending to the U.S. District Court of Idaho

_____
David Dalrymple